RENDERED:  FEBRUARY 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0703-MR

BRIDGET MICHELLE CLAVERY                        APPELLANT

v.                APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE JULIE KAELIN, JUDGE
ACTION NO. 20-CI-004523

ART EATABLES, LLC                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND GOODWINE, JUDGES.

THOMPSON, CHIEF JUDGE:  Bridget Michelle Clavery ("Appellant") appeals from an order of the Jefferson Circuit Court granting summary judgment in favor of Art Eatables, LLC ("Appellee") on her claim of tortious interference with a business relationship.  Appellant argues that the circuit court erred in its interpretation of a non-disclosure and non-compete agreement, and that a question

of fact remains on the issue of whether Appellee acted with an improper motive. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellee is a chocolatier engaged in the business of producing and selling bourbon-infused chocolate candies and other products. In March 2019, Appellee hired Appellant as an associate to sell products in its retail location. As a condition of her employment, Appellant was required to sign a Confidentiality, Non-Compete, and Non-Solicitation Agreement ("the Agreement"). The Agreement was broadly drafted to prohibit Appellant's employment in Kentucky or any adjoining state with any entity in the business of selling candy. The confidentiality requirement lasted in perpetuity, and the non-compete provision lasted for 24 months after Appellant's employment with Appellee ended. Appellant read the Agreement and signed it at the time of her hiring.

In January 2020, Appellant informed Appellee that she was leaving her employment with Appellee, and had applied for and received an offer for part-time employment with Evan Williams Bourbon Experience ("Evan Williams"). Appellee told Appellant that employment with Evan Williams would violate the terms of the Agreement because Evan Williams sold competitors' chocolates. Appellee also told Appellant that it could sue her for breach of contract if she accepted employment with Evan Williams.

Appellee sent a letter to Evan Williams informing it that Appellant's employment with Evan Williams would violate the terms of Appellant's agreement with Appellee. Thereafter, Evan Williams withdrew its offer of employment with Appellant. Appellant then filed the instant action against Appellee alleging that Appellee's letter to Evan Williams was malicious, improper, and constituted tortious interference with employment.

The matter proceeded in Jefferson Circuit Court, where Appellee filed a motion for summary judgment. In support of the motion, Appellee argued that there was no genuine issue of material fact that the Agreement prohibited Appellant's employment with competing candy vendors in Kentucky for two years; that Evan Williams was a competitor in the candy business; and that Appellee was entitled to a judgment as a matter of law on Appellant's claim of tortious interference.

After considering the arguments of counsel, the Jefferson Circuit Court concluded that Appellee was entitled to summary judgment. The court determined that Appellee's letter to Evan Williams was sent in good faith, as Appellant had executed the Agreement voluntarily, and Evan Williams was a competitor in the candy business. The court was not persuaded by Appellant's contention that Evan Williams was not a competitor of Appellee due to candy being only a small portion of Evan Williams' overall sales. Lastly, the court

rejected Appellant's argument that the Agreement was overly broad and could not be enforced in good faith. The court found that the Agreement was drafted in a manner to reasonably protect Appellee's interest of guarding its information and customer base, and was therefore enforceable. This appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine

issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court erred in concluding that Appellee was entitled to summary judgment on her claim of tortious interference with a prospective business relationship. In support of this argument, she directs our attention to the elements of tortious interference as set out in *Snow Pallet, Inc. v. Monticello Banking Co.*, 367 S.W.3d 1, 6 (Ky. App. 2012). In *Snow Pallet*, a panel of this Court recited the elements of tortious interference with a prospective business relationship as follows: 1) the existence of a valid business relationship or expectancy; 2) the defendant's knowledge of that business relationship or expectancy; 3) intentional interference; 4) improper motive; 5) causation; and 6) damages.

Appellant argues that the record clearly proves all but one element of her tortious interference claim. In her view, the only question for this Court is whether she is entitled to present to a jury the question of whether the "improper motive" element is satisfied. To demonstrate Appellee's improper motive, Appellant argues that, 1) she presented evidence upon which a jury could conclude that Evan Williams is not a competitor in the candy business; 2) the circuit court improperly failed to consider that Appellee's co-owners cannot agree as to the

application of the Agreement; and, 3) the Agreement is so overly broad that it could not have been executed in good faith. She requests an opinion reversing the order of summary judgment.

On Appellant's first assertion that Evan Williams is not a competitor in the candy business and is, therefore, not an entity contemplated by the Agreement, she argued before the circuit court that though Evan Williams does sell candy, the amount of candy sold is negligible. In considering this argument, the circuit court determined that the amount of candy sold by Evan Williams is immaterial, as the Agreement does not specify how much candy a competitor must sell in order to implicate the terms of the Agreement. According to the record, the Agreement prohibits Appellant from accepting employment with any "entity in the business of selling candy products including, but in no way limited to, bourbon and/or chocolate candies." Evan Williams sells candy products, thus characterizing it as "an entity in the business of selling candy products" per the terms of the Agreement. The circuit court did not err in concluding that the amount or type of candy sold by Evan Williams is immaterial. We find no error on this issue.[1]

---

[1] In her Reply Brief, Appellant also argues that Heaven Hill, Inc. or Heaven Hill Brands was her actually prospective employer, and that Heaven Hill is not a competitor of Appellee. We are not persuaded by this argument because Heaven Hill Brands owns Evan Williams, and the Jefferson Circuit Court properly so found.

Appellant's second contention is that the circuit court improperly failed to consider that Appellee's co-owners cannot agree as to the scope of the Agreement. According to Appellant, one co-owner believed that the Agreement applied to any candy vendor, while the other opined that it applied only to sellers of bourbon candies who offer a bourbon candy experience. In Appellant's view, this disagreement demonstrates that Appellee's communication with Evan Williams was made with an improper motive per *Snow Pallet*, *supra*.

The co-owners were asked in deposition to give their opinions as to the applicability of the Agreement in various hypothetical situations. We agree with Appellee that even if their answers were not always identical, the underlying issue of summary judgment does not center on hypothetical scenarios but rather on what actually occurred and is memorialized in the record. As noted above, the Agreement which Appellant voluntarily read and executed prevented her from accepting employment with any entity in the business of selling candy. It is uncontroverted that Evan Williams sells candy. We find no error and cannot conclude that this issue forms a basis for reversing the order of summary judgment.

Lastly, Appellant argues that the circuit court erred in failing to find that Appellee's interpretation of the Agreement is so overly broad that it cannot have been made in good faith. She argues that having not made this interpretation in good faith, it follows that Appellee's communication with Evan Williams was

made with an improper motive per *Snow Pallet*. According to Appellant, Appellee believes the Agreement prohibits employment by every entity that sells candy, from office supply stores to chain general merchandise stores, as well as restaurants, distilleries, coffee shops, hotels, and museums. Appellant argues that such an interpretation is overly broad and unreasonable, and demonstrates that something other than protecting its legitimate business interests motivated its communication with Evan Williams. Appellant argues that this issue should have gone before a jury, thus rendering the entry of summary judgment premature and unsupported by the record.

We believe it is immaterial as to what Appellee may – or may not – subjectively believe about the Agreement's application to coffee shops, hotels, or museums. Rather, the underlying issue of summary judgment centers on the express terms of the Agreement, whether those terms apply to Evan Williams, and whether the circuit court properly concluded that Appellee is entitled to summary judgment on Appellant's claim of tortious interference with a business relationship. Again, the Agreement is broadly drafted to prohibit Appellant from engaging in any business relationship, including employment "with an entity in the business of selling candy[.]" The prohibition continues for two years after Appellant's employment with Appellee and applies to entities located in Kentucky and

adjoining states, as well as those doing business on the internet. Evan Williams is an entity contemplated by the Agreement.

We find no basis for concluding that Appellee had an improper motive per *Snow Pallet* in its execution and enforcement of the Agreement. The Jefferson Circuit Court determined that Appellee is a small business which may properly protect its business interests from larger companies via the Agreement. This conclusion is supported by the record and the law. Nothing in the record points to an improper motive sufficient to sustain Appellant's claim for relief.

## CONCLUSION

We conclude that there are no genuine issues of material fact and Appellee is entitled to a judgment as a matter of law. *Steelvest*, *supra*. The Jefferson Circuit Court properly so found. Accordingly, we affirm the opinion and order of the Jefferson Circuit Court granting summary judgment in favor of Appellee.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michele Henry
Louisville, Kentucky

BRIEF FOR APPELLEE:

Ruby D. Fenton
Ayala Golding
Louisville, Kentucky